UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MIGUEL CONCEPCION,

                                **Plaintiff,**

                                  v.                                **9:08-CV-1278**
                                                                    **(FJS/ATB)**

**ROBERT PICKLES, Physician Oneida**
**Correctional Facility; and SUSAN**
**CONNELL, Superintendent, Oneida**
**Correctional Facility,**

                                  **Defendants.**
_____

**APPEARANCES**                                       **OF COUNSEL**

**MIGUEL CONCEPCION**
**96-A-4001**
Arthur Kill Correctional Facility
2911 Arthur Kill Road
Staten Island, New York 10309
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**                **ADRIENNE J. KERWIN, AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      Currently before the Court are Magistrate Judge Baxter's February 12, 2010 Report-Recommendation and Plaintiff's objections thereto. *See* Dkt. Nos. 16, 19.

      In his complaint, Plaintiff alleges that Defendants denied him constitutionally adequate

medical care for more than two years while he was an inmate in the custody of the Department of Correctional Services ("DOCS") at Oneida Correctional Facility. Plaintiff seeks declaratory relief, injunctive relief enjoining Defendants from retaliating against him for bringing this action, $3,000,000 in compensatory damages, and $6,000,000 in punitive damages.

Defendants moved for summary judgment, arguing that (1) Defendant Pickles was not deliberately indifferent to Plaintiff's serious medical needs, (2) Plaintiff failed to allege any personal involvement on the part of Defendant Connell, and (3) Defendants were entitled to qualified immunity. Defendants also asserted that the Court should dismiss the claims against them to the extent that Plaintiff was seeking to sue them in their official capacities.

After reviewing the parties' submissions, Magistrate Judge Baxter recommended that the Court grant Defendants' motion for summary judgment and dismiss Plaintiff's complaint. *See* Report-Recommendation at 19. Plaintiff filed timely objections, arguing, among other things, that Magistrate Judge Baxter's recommendation that the Court grant summary judgment was premature because Plaintiff had not had the opportunity to conduct discovery.

## II. DISCUSSION

**A.    Standard of review**

When a party makes specific objections to a magistrate judge's report-recommendation, the court reviews *de novo* "'those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Linares v. Mahunik*, No. 9:05-CV-625, 2009 WL 3165660, *10 (N.D.N.Y. July 16, 2009) (quoting 28 U.S.C. § 636(b)(1)(C)) (footnote omitted). If, however, the parties make only general objections, the court reviews the report-

recommendation for clear error or manifest injustice. *See id.* (citation and footnote omitted). After the appropriate review of the report-recommendation, "the Court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Id.* (quoting 28 U.S.C. § 636(b)(1)(C)).

**B.    Magistrate Judge Baxter's recommendation that the Court should dismiss Plaintiff's claims against Defendant Connell for lack of personal involvement**

Magistrate Judge Baxter found that, although Defendant Connell had knowledge of Plaintiff's grievance alleging that he was not receiving adequate medical care, at the time that she received the grievance, Plaintiff was already receiving the treatment that he wanted and there was no further action she could have taken. *See* Report-Recommendation at 10. Therefore, he recommended that the Court dismiss Plaintiff's claims against Defendant Connell for lack of personal involvement.

Plaintiff's objection to this recommendation is general in nature. Basically, he argues that the Court should not grant the motion because intent is at issue and because he should be afforded the opportunity, through discovery, to demonstrate Defendant Connell's pattern of being deliberately indifferent to inmates. *See* Plaintiff's Memorandum of Law at 4-5.

Having reviewed the record, the Court agrees with Magistrate Judge Baxter that, although Defendant Connell had knowledge of Plaintiff's grievance, by the time she had such knowledge, there was nothing for her to do because Plaintiff was already receiving the treatment that he had requested. Therefore, the Court adopts Magistrate Judge Baxter's recommendation and dismisses Plaintiff's claims against Defendant Connell for lack of personal involvement.

**C.     Magistrate Judge Baxter's recommendation that the Court dismiss Plaintiff's Eighth Amendment deliberate-indifference claims against Defendant Pickles**

Magistrate Judge Baxter concluded that, even if he assumed that Plaintiff could prove the objective element of the deliberate-indifference standard, he could not establish the subjective element of that standard. *See* Report-Recommendation at 14. Specifically, Magistrate Judge Baxter found that Plaintiff's allegations were inconsistent with his medical records, which showed that he had not received continuous medication throughout his entire incarceration. *See id.* Furthermore, Magistrate Judge Baxter found that the medical personnel at Oneida Correctional Facility, including Defendant Pickles, knew about and closely monitored Plaintiff's HIV status. *See id.* at 15. Finally, Magistrate Judge Baxter found no evidence in the record to contradict the medical judgments that Defendant Pickles and other members of the medical staff made throughout Plaintiff's incarceration and noted Plaintiff's failure to establish any indication that any medical professional disagreed with Defendant Pickles' medical decisions related to Plaintiff's HIV treatment. *See id.* at 18.

Plaintiff objects to Magistrate Judge Baxter's findings and recommendations, arguing that credibility is an issue for the jury and that he has submitted documents that dispute Defendants' assertions. *See* Plaintiff's Memorandum of Law at 6-9.

The Court's review of the record demonstrates that there is nothing in the record to support Plaintiff's arguments. In fact, the record indicates that, contrary to Plaintiff's assertion, he was not receiving medication for his HIV when he arrived at Oneida Correctional Facility. Furthermore, Defendant Pickles sent Plaintiff to another medical consultant, who stated in his report that medical personnel could restart Plaintiff's HIV medication right away, which was

Plaintiff's preference, **or** they could wait until Plaintiff's viral load had increased. Defendant Pickles decided on the latter course of treatment; and, when Plaintiff's viral load increased to the point where Defendant Pickles believed that medication was necessary, he provided Plaintiff with the necessary medication. Although Plaintiff may have disagreed with this course of treatment – and would have preferred to receive his medication sooner – this disagreement does not rise to the level of a constitutional violation where, as here, there is nothing in the record to indicate that the treatment that Plaintiff received was inadequate. *See Flemming v. City of N.Y.*, No. 03-CV-0662, 2009 WL 3174060, *3 (E.D.N.Y. Sept. 30, 2009) (holding that "[t]he issue is not whether Plaintiff asked for or received a specific type of medical care. . . . Instead, for Eighth Amendment purposes, the question is whether 'the treatment a prisoner receives is adequate,' regardless of the prisoner's personal treatment preferences" (internal citation and other citation omitted)).

Therefore, the Court adopts Magistrate Judge Baxter's recommendation and dismisses Plaintiff's deliberate indifference claims against Defendant Pickles.

### III. CONCLUSION

After reviewing the entire record in this matter, Magistrate Judge Baxter's February 12, 2010 Report-Recommendation, and Plaintiff's objections thereto, as well as the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Baxter's February 12, 2010 Report-Recommendation is **ACCEPTED in its entirety** for the reasons stated therein and in this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendants' motion for summary judgment is **GRANTED** and Plaintiff's complaint is **DISMISSED in its entirety**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 30, 2010
       Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge